| | |
|---|---|
| **LOUISIANA STATE** | **CIVIL ACTION** |
| **VERSUS** | **18-4243** |
| **RICHARD HUNT** | **SECTION: "M"(1)** |

## O R D E R

Richard Hunt is proceeding *pro se*. On May 16, 2018, the Court denied Mr. Hunt's motion requesting that counsel be appointed for him. (Rec. Doc. 3). At that time, the Court determined that the lawsuit is not complex and that there were no unique circumstances indicating discovery, investigation, or trial will require skills beyond Mr. Hunt's capabilities.

Mr. Hunt has now asked the Court to reconsider appointing counsel to represent him in this matter. He submits that he has learned that defendant Issis R. Arias-Elwin has been using a ghostwriter to prepare her pleadings. He submits that doing so is offensive and violates the procedural rules of the Court. He also asserts that Arias-Elwin engages in misrepresentations and that the Court will be misled if counsel is not appointed to represent Mr. Hunt.

As this Court has previously noted, "exceptional circumstances" are required before the Court appoints counsel on behalf of an indigent party in a civil case. Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997); Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982). In determining whether appointment of counsel would advance the proper administration of justice, the Court should consider factors including:

1. the type and complexity of the case;
2. the petitioner's ability adequately to present and investigate his case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir. 1992) (quoting Murphy v. Kellar, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); see Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

It appears this removed action was initiated in state court in 2006 as a Petition to Establish Paternity and Support Obligations filed by the State of Louisiana against Mr. Hunt. (Rec. Doc. 1-4, at 3).  In 2010, the 2006 action was consolidated with an action filed by Mr. Hunt against Ms. Arias-Elwin. (Rec. Doc. 1-4, at 42). It appears that the state proceeding has involved custody and visitation arrangements. Ms. Arias-Elwin removed the action on April 26, 2018, invoking this Court's jurisdiction under 28 U.S.C. §§1334, 1452 (removal of claims related to bankruptcy cases) and/or 28 U.S.C. §§ 1443(1) (removal of civil rights actions).

The Court again finds that appointment of counsel is not warranted. The claims and defenses in this lawsuit are no more complex now that when the Court first considered the issue. Mr. Hunt complains that Ms. Arias-Elwin, who is also proceeding *pro se*, is actually using a ghost writer. Even if this is true, it does not convince the Court that Mr. Hunt lacks the capabilities to investigate and defend against her claims. Thus far, for example, Mr. Hunt has been able to participate in the proceedings by filing motions, including motions describing the alleged misrepresentations of Ms. Arias-Elwin. Mr. Hunt has failed to demonstrate "exceptional circumstances" that would call for the appointment of counsel.

Accordingly, Mr. Hunt's renewed motion for appointment of counsel is **DENIED**.

New Orleans, Louisiana, this  2nd  day of October, 2018.

_____
Janis van Meerveld
United States Magistrate Judge