UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA STATE, *et al.* | CIVIL ACTION |
| VERSUS | NO. 18-4243 |
| ISSIS R. ARAIS-ELWIN | SECTION M (1) |

## ORDER & REASONS

Defendant Issis R. Arais-Elwin ("Elwin") removed *State of Louisiana v. Hunt*, case number 2006-3613, consolidated with *Hunt v. Arais-Elwin*, case number 2010-3951, from the Civil District Court, Parish of Orleans ("State Court") on April 26, 2018. Although plaintiff Richard Hunt ("Hunt") has not moved to remand, federal courts have an independent duty to examine their own subject-matter jurisdiction *sue sponte* and may not proceed where it is apparent that jurisdiction does not exist. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Accordingly, this Court now addresses the issue of its subject-matter jurisdiction *sua sponte*. Having considered the notice of removal[1] and the applicable law, the Court must remand the case to State Court.

**I. BACKGROUND**

This case arises out of a dispute over child support. Elwin, proceeding pro se, filed a notice of removal of *State of Louisiana v. Hunt*, case number 2006-3613, consolidated with *Hunt v. Arais-Elwin*, case number 2010-3951, from State Court. While the record is incomplete,[2] the

---

[1] R. Doc. 1.
[2] On June 27, 2018, the Clerk of Court issued a directive to Elwin under 28 U.S.C. § 1447(b) to lodge the entirety of the record. R. Doc. 7. Elwin never complied. Therefore, the Court bases its conclusions about the nature of the dispute upon the copies of the incomplete state-court record attached to Elwin's notice of removal.

1

consolidated cases involve petitions to establish paternity and support obligations.[3] Elwin and Hunt have a minor child to whom Hunt owes child support.[4] Due in part to Hunt's failure to pay the child support, Elwin filed a petition for involuntary bankruptcy against Hunt on March 30, 2018. *See In re Hunt*, 2018 WL 3586712, at *1 (Bankr. E.D. La. June 24, 2018). The bankruptcy court dismissed the petition on May 14, 2018, for lack of standing as a result of Elwin's failure to make a prima facie case that at least $15,775 of claims were not the subject of a bona fide dispute under 11 U.S.C. § 303(b). 2018 WL 3586712, at *6. Elwin filed a motion for reconsideration, which the bankruptcy court, treating it as a motion for new trial and to alter or amend the judgment, denied. *In re Hunt*, 2018 WL 3628892 (Bankr. E.D. La. July 25, 2018). Elwin then appealed the dismissal to this Court, and this Court affirmed. *In re Hunt*, 2019 WL 651672 (E.D. La. Feb. 14, 2019).

## II. NOTICE OF REMOVAL

In Elwin's notice of removal, Elwin states four bases for jurisdiction: (1) 28 U.S.C. § 1334; (2) 28 U.S.C. § 1452; (3) 28 U.S.C. § 1443(1); and (4) 28 U.S.C. 1447(d).[5] In support of bases (1) and (2), which Elwin refers to as "Bankruptcy Removal," Elwin claims that the State Court proceedings are related to the involuntary bankruptcy petition that she filed in bankruptcy court less than 30 days before she filed her notice of removal.[6]

Elwin next refers to bases (3) and (4) as "Civil Rights Removal," which she contends is proper under the line of removed state-court cases in the 1960's because the State Court

---

[3] *See, e.g.*, R. Docs. 1-4 at 3-4 (petition), 52-53 (interim judgment for child support), 65-66 (interim order for child custody); 1-5 at 47 (order granting Hunt's visitation rights); 1-6 at 64-65 (order appointing mental health professional under La. R.S. § 9:331).

[4] See R. Doc. 1-4 at 52-53.

[5] R. Doc. 1 at 1. Although Elwin alleges that 28 U.S.C. 1447(d) provides grounds for removal, that provision merely prescribes the power of an appellate court to review a federal court's order to remand and is inapplicable to the discussion at bar.

[6] R. Doc. at 1-2. Although Elwin's memorandum only explicitly addresses 28 U.S.C. § 1334, the Court construes Elwin's arguments to apply also to 28 U.S.C. § 1452.

2

proceedings were "initiated without lawful or legitimate basis in law," making her a "victim[] of bad faith harassment."[7] Elwin, "of white-Hispanic ethnic origin," contends that the State Court's racial discrimination denies her equal protection rights: "In sum, due to systemic race-based corruption and bribery of black judges by white lawyers against white Hispanic and other white women, Civil Rights removal is entirely appropriate in the present case."[8] Elwin also cites the Americans with Disabilities Act in support of her allegation that the State Court has violated her due process and equal protection rights as a mother and disabled person who suffers from panic attacks,[9] as well as the rights of her disabled child.[10] Elwin further submits that she has been arrested on false charges on several occasions during the past decade in violation of her rights under 42 U.S.C. §§ 1981(a) and 12131, *et seq.*[11] Throughout her notice of removal, Elwin asserts that the State Court's refusal to enforce Hunt's obligation to pay child support is the result of broad-based corruption involving a multiplicity of state actors' racism and favoritism towards Hunt.[12]

## III. LAW & ANALYSIS

### A. Removal Jurisdiction

The jurisdiction of a federal court is limited to that granted by the United States Constitution and authorized by Congress. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Generally, a defendant may remove a state-court, civil action to federal court if the federal court possesses original jurisdiction at the time of removal. *See* 28 U.S.C. § 1441; *Doddy*

---

[7] R. Doc. at 1, 7-8, 12-13.
[8] *Id.* at 6, 8.
[9] *Id.* at 8, 13.
[10] *Id.* at 8, 15, 19-21.
[11] *Id.* at 3, 5-6.
[12] *See, e.g.*, *id.* at 19 ("I submit that the racial animosity and vengeful, oppressive purpose of black judges and assistant district attorneys in Orleans Parish is systematic and very clear, and only manipulated and controlled by white supervisors such as the Orleans Parish D.A., Leon A. Cannizzaro, Jr., to effect inequitable and illegal, corrupt favoritism based on friendship and money.").

*v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (jurisdiction established at time of removal). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, if subject-matter jurisdiction is not raised by the parties, a federal court has a duty to raise the issue of its subject-matter jurisdiction *sua sponte*. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d at 460.

### B. Analysis

#### 1. Bankruptcy Removal

Elwin first contends that removal of the State Court domestic proceedings is proper under 28 U.S.C. §§ 1334 and 1452 as cases "related to" the involuntary bankruptcy petition against Hunt, which she filed less than 30 days prior to filing her removal notice. The bankruptcy court dismissed Elwin's involuntary petition for lack of standing and denied Elwin's motion for new trial and to amend or alter the judgment. *In re Hunt*, 2018 WL 3628892, at *3; *In re Hunt*, 2018 WL 3586712, at *6. This Court affirmed the dismissal of the involuntary bankruptcy case. 2019 WL 651672 (E.D. La. Feb. 14, 2019). As a consequence, even though the bankruptcy petition was pending at the time of Elwin's removal of the State Court proceedings, bankruptcy jurisdiction cannot be the hook for this Court's subject-matter jurisdiction over these removed proceedings when Elwin lacked standing to commence the bankruptcy in the first instance. Moreover, because the bankruptcy is no longer pending, this Court has no bankruptcy estate before it that could be affected by any "related to" State Court proceedings. "In the absence of a bankruptcy estate, this

court lacks bankruptcy jurisdiction." *Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 808 (S.D. Miss. Mar. 31, 2004) (removal under 28 U.S.C. § 1334 precluded when bankruptcy petitions, though pending at the time of removal, had been dismissed). Therefore, 28 U.S.C. §§ 1334 and 1452 are improper bases for removal.

### 2. Civil Rights Removal

Nor has Elwin met the requirements for civil rights removal. The civil rights removal statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof ….

28 U.S.C. § 1443(1). "[A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test." *Yu-Wen Chiu v. Lincoln*, 2018 WL 4205423, at *4 (E.D. La. Sept. 4, 2018) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Accordingly, "[s]ection 1443 applies only to denials of specific rights of racial equality and not the whole gamut of constitutional rights." *United States ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir. 1978). Second, the removal petitioner must show that such rights are denied or cannot be enforced in the courts of the state. *Johnson*, 421 U.S. at 219-20. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* at 219 (quoting *Rachel*, 384 U.S. at 799, 803). Only in "the rare situations where it

5

can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will be inevitably denied by the very act of bringing the defendant to trial in the state court" is removal proper. *Id.* at 220 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). The Supreme Court described the high bar for civil rights removal in *Peacock*:

> It is not enough to support removal under [section] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be denied or cannot enforce in the courts of the State any right under a federal law providing for equal civil rights.

384 U.S. at 827-28 (internal quotation omitted).

Here, Elwin fails to meet both prerequisites to removal under 28 U.S.C. § 1443. First, Elwin's reliance upon the Americans with Disabilities Act to establish grounds for removal is misplaced because removal under 28 U.S.C. § 1443 requires an allegation of discrimination based on race rather than discrimination based on any constitutionally-protected right. *Yu-Wen Chiu*, 2018 WL 4205423, at *5 (holding that 42 U.S.C. § 12132 does not satisfy the first prong of the test for civil rights removal). Second, to the extent that Elwin alleges racial discrimination in violation of rights guaranteed by 42 U.S.C. § 1981, Elwin does not allege that her rights cannot be enforced in State Court. While Elwin claims that particular individuals in the State Court have evinced racism and favoritism, Elwin does not refer to a state law authorizing the denial of rights that would "afford[] an ample basis for … a prediction" of the violation of those rights. *See Yu-Wen Chiu*, 2018 WL 4205423, at *5 (holding that 42 U.S.C. § 1981 does not satisfy the second prong of the test for civil rights removal where petitioner made no reference to state law); *Peacock*,

384 U.S. at 827-28. In conclusion, Elwin does not allege a proper basis for removal under 28 U.S.C. § 1443.

IV. **CONCLUSION**

Accordingly, because this Court lacks subject-matter jurisdiction,

**IT IS ORDERED** that the case is hereby REMANDED to the Civil District Court, Parish of Orleans.

New Orleans, Louisiana, this 19th day of February, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE