UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA STATE, *et al.* | CIVIL ACTION |
| VERSUS | NO. 18-4243 |
| ISSIS R. ARIAS-ELWIN | SECTION: M (1) |

**ORDER & REASONS**

Before the Court is a motion to reconsider this Court's February 19, 2019 Order & Reasons remanding this matter to the Civil District Court, Parish of Orleans, State of Louisiana filed by Issis R. Arias-Elwin ("Elwin").[1] Elwin, proceeding pro se, averred that she would file for leave to submit a supplemental memorandum in support of her motion no later than April 4, 2019.[2] Elwin has not done so. That date having passed, and having considered the memorandum and the applicable law, the Court issues this Order & Reasons.

I.  **BACKGROUND**

This action is a removal of state child-support proceedings. The pertinent facts and procedural history of this case were fully recited in this Court's February 19, 2019 Order & Reasons remanding the case to state court,[3] and will not be restated herein.

Elwin argues that this Court should reconsider its February 19, 2019 Order & Reasons in which it found that its subject-matter jurisdiction was unsupported by either 28 U.S.C. §§ 1334 and 1452, or 28 U.S.C. § 1443(1), and remanded the case.[4] Elwin asks for reconsideration of the order to remand, emphasizing what she calls "a simple point: does the State of Louisiana really intend to abandon me and my disabled son rather than force Orleans Parish District Attorney

---
[1] R. Doc. 23.
[2] R. Doc. 23-1 at 4, 14, 18.
[3] R. Doc. 22.
[4] *Id.* at 4-6.

Leon A. Cannizaro, Jr., to enforce the child support laws of the State of Louisiana?"[5] In support of her motion, Elwin contends that "the letter of the Civil Rights Removal Act is much broader than the court has construed," and repeats the arguments made in her notice of removal – principally, that her civil rights have been violated by corrupt state-court actors in her attempt to receive child support.[6] Elwin further questions the dismissal of certain parties from the suit and requests an injunction and hearing to force them to appear.[7]

## II. LAW & ANALYSIS

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[,]" unless the case was removed pursuant to 28 U.S.C. § 1442 or 1443. Because Elwin removed the case pursuant to 28 U.S.C. § 1443(1), the Court has jurisdiction to reconsider its order to remand for lack of subject-matter jurisdiction under section 1443. *See, e.g.*, *Sanders v. Wright*, 2017 WL 6403044 (E.D. Tex. Sept. 29, 2017) (reconsidering remand for lack of jurisdiction under 28 U.S.C. § 1443).

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used

---

[5] R. Docs. 23 at 3-4; 23-1 at 15. Although Elwin invokes Rule 60(a) of the Federal Rules of Civil Procedure, she does not argue that the Court made a "clerical oversight," and this Court can find none that would make reconsideration under Rule 60(a) appropriate. *See Madere v. Brunswick Corp.*, 2008 WL 4534094, at *3-4 (E.D. La. Oct. 7, 2008).
[6] R. Doc. 23-1 at 3; *see* R. Docs. 1 at 1-21; 23; 23-1.
[7] R. Doc. 23-1 at 14-19.

sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca–Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted).

As Elwin argued in her notice of removal, she now again contends that certain actors manipulated her child-support proceedings as a result of racial prejudice towards her as a white person. In sum, Elwin claims, "for the State of Louisiana to abandon my child support action would be to violate my civil rights under the ADA and Fourteenth Amendment."[8] In ruling on the order to remand, this Court considered whether Elwin satisfied the two-pronged test for civil-rights removal in *Georgia v. Rachel*, 384 U.S. 780 (1966), and found she had not.[9] Elwin's motion for reconsideration points to no manifest error of law or fact or newly discovered evidence as would alter this conclusion.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Elwin's motion for reconsideration (R. Doc. 23) is DENIED, and the case is hereby REMANDED to the Civil District Court, Parish of Orleans.

New Orleans, Louisiana, this 30th day of May, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 5, 16.
[9] R. Doc. 22 at 5-7.